**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| IN RE: <br><br> SUBPOENA TO KELLY NELSON | No. MC13-00082-PHX-DGC <br><br> **ORDER** |

Kelly Nelson ("Movant") has filed a motion to quash a subpoena issued by Allied World Insurance Company, Inc. ("Allied"), or in the alternative for a protective order. Doc. 1. The motion is fully briefed and no party has requested oral argument. For the reasons that follow, the Court will deny the motion.

**I.      Background.**

Movant was served with a subpoena in connection with pending litigation in the Southern District of California between Allied and Millennium Laboratories, Inc. ("Millennium"). Doc. 10 at 2. The case centers around a dispute between Allied and Millennium over whether costs incurred by Millennium in responding to a Department of Justice ("DOJ") investigation are covered by their insurance. *Id.* Allied wishes to depose Movant, a former Millennium employee, because she "has unique knowledge regarding this issue because she was called to testify as a witness before a grand jury" during the course of the DOJ investigation of Millennium. *Id.* Movant contends that the subpoena seeks information which is protected or privileged and that it is unduly burdensome. Doc. 1 at 2. Movant is also currently engaged in separate litigation with Millennium pending in the District of Arizona ("Millennium Litigation"). *Id.* at 1-2.

**II. Motion to Quash.**

Rule 45(c)(3) of the Federal Rules of Civil Procedure allows an issuing court to quash or modify a subpoena for several reasons, including that the subpoena "requires disclosure of privileged or other protected matter, if no exception or waiver applies; or subjects a person to undue burden." Fed. R. Civ. P. 45(c)(3)(iii)-(iv).

**A. Privilege.**

Movant contends the subpoena should be quashed because it seeks "privileged and protected information related to Grand Jury Proceedings." Doc. 3. She cites *United States v. Sells Engineering, Inc.*, 463 U.S. 418, 424 (1983), and *Rehberg v. Paulk*, 132 S. Ct. 1497, 1509 (2012), to support her claim that information related to her testimony before a grand jury is privileged or protected. Doc. 1 at 3. Movant is incorrect. Neither case provides support for her argument. *Sells*, in fact, contains language directly contrary to her position, noting that Rule 6(e)(2) of the Federal Rules of Criminal Procedure "provides that grand jurors, government attorneys and their assistants, and other personnel attached to the grand jury are forbidden to disclose matters occurring before the grand jury," and that "[w]itnesses are not under the prohibition unless they also happen to fit into one of the enumerated classes." 463 U.S. at 425. As Allied correctly notes, grand jury witnesses are not a part of the Rule 6(e)(2)(B) list and a witness is "free to hold a press conference and reveal everything that was asked of him or her and what his or her answers were." *In re Graphics Processing Units Antitrust Litig.*, CV-06-07417-WHA, 2007 WL 2127577, at * 2 (N.D. Cal. July 24, 2007). The Court will therefore deny Movant's motion to quash on this ground.

**B. Undue Burden.**

Movant also argues that complying with the subpoena would be unduly burdensome because the litigation "has nothing to do with her." Doc. 1 at 4. In her reply, she asserts that because she has already testified for fourteen hours of live deposition in connection with the Millennium Litigation, she should not be burdened "with yet another deposition with [Millennium] counsel present." Doc. 11 at 3. The

Court is unconvinced. The length of Movant's depositions in the Millennium Litigation is not relevant here. Movant does not dispute that her testimony is relevant to a central issue in the case – the scope and nature of the DOJ investigation. Further, although she contends that she should not "be dragged into a distant litigation," she does not contend that the time spent or expense incurred complying with this subpoena would be unduly burdensome. Because Movant raises no colorable argument that she will be subject to an undue burden, the Court will also deny the motion to quash on this ground.

### III.     Protective Order.

Movant requests a protective order in the alternative (doc. 1 at 1), but neither cites authority nor presents arguments on the issue. She also requests in her reply that the Court limit her deposition to no more than 2 hours, restrict questioning to "matters raised only during [Movant]'s attendance at the Grand Jury Proceedings," and allow Movant "to decline to answer any specific questions" that would violate a protective order entered in the Millennium Litigation or any confidentiality agreements to which she is subject. Doc. 11 at 5. Movant is already subject to a civil protective order in the Millennium Litigation. *See Nelson v. Millennium Laboratories, Inc.*, CV-12-1301-SLG at doc. 36. The Court will not attempt to rule in advance on what issue or questions might fall within a protective order entered by another judge. Like any deponent, Movant is entitled to the protections of Rules 26 and 30 of the Federal Rules of Civil Procedure, and may seek assistance from the judge who entered the protective order if it becomes necessary.

**IT IS ORDERED** that the motion to quash is **denied**. The Clerk shall terminate this action.

Dated this 7th day of November, 2013.

_____
David G. Campbell
United States District Judge